UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE: 3:17 cv 1208· J 39 mcr

DOUG LONGHINI, an Individual

    Plaintiff,

    v.

MHI JACKSONVILLE LLC, a
Delaware Limited Liability Company
qualified to do business in Florida,
and HILTON WORLDWIDE HOLDINGS
INC., a Delaware Corporation d/b/a
Doubletree by Hilton Jacksonville Riverfront,

    Defendants.

_____/



## COMPLAINT

    Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals ("Plaintiff"), sues Defendants, MHI JACKSONVILLE LLC, a Delaware Limited Liability Company, and HILTON WORLDWIDE HOLDINGS INC., a Delaware Corporation d/b/a Doubletree by Hilton Jacksonville Riverfront ("Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

    1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

    2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.§ 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.       Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Miami, Florida, and is otherwise *sui juris*.

5.       At all times material, Defendant, MHI JACKSONVILLE LLC, was and is a Delaware Limited Liability Company, qualified to do business in Florida, with its principal office street address listed at 410 W. Francis Street, Williamsburg, VA 23185.

6.       At all times material, Defendant, MHI JACKSONVILLE LLC, owned and operated a hotel property/place of public accommodation located at 1201 Riverside Blvd., Jacksonville, Florida 32207 (hereinafter "Hotel Property").

7.       At all times material, Defendant, HILTON WORLDWIDE HOLDINGS INC., was and is a Delaware Corporation, with its registered office at listed at 251 Little Falls Drive, Wilmington, Delaware 19808.

8.       At all times material, Defendant, HILTON WORLDWIDE HOLDINGS INC., owned and operated a hotel business which holds itself out to the public as "Doubletree by Hilton Jacksonville Riverfront" located at 1201 Riverside Blvd., Jacksonville, Florida 32207 (hereinafter "Hotel Business").

9.       Venue is properly located in the Middle District of Florida because Defendants' Hotel Property and Hotel Business are located in, and Defendants regularly conduct business within Duval County, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Duval County, Florida.

## FACTUAL
## ALLEGATIONS

10.      Although over twenty-five (25) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individual with disabilities.

11.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Hotel Property and Hotel Business.

12.      Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.  DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.  He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.  He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

13.      Doubletree by Hilton at Riverfront Jacksonville is a hotel located in Jacksonville, Florida.  The Jacksonville, Florida area is a tourist mecca because of its scenery, historic and other natural attractions in or near the area. The individual Plaintiff visited the Hotel Property and Hotel Business on or about May 18 and May 19, 2017 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.

14.      The Plaintiff visited the Hotel Property and Hotel Business as a hotel guest and intends to return to the property to avail himself of the goods and services offered to the public at

the property; Plaintiff is domiciled in the same county as the Hotel Business and Hotel Property, has frequented the area and the Doubletree by Hilton Riverfront Jacksonville hotel location for pleasure purposes, and intends to return to the property within six (6) months' time from the filing of this Complaint.

15.    Plaintiff found the Hotel Property and Hotel Business to be rife with ADA violations.

16.    The Plaintiff encountered architectural barriers at the subject Hotel Property and Hotel Business, and wishes to continue his patronage and use of the premises in the near future.

17.    The barriers to access at Defendants' Hotel Property and Hotel Business have denied or diminished Plaintiff' ability to visit the Hotel Property and Hotel Business and have endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

18.    Defendants own, lease, lease to, or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants owns and operate is known or otherwise holds itself out to the public as the "Doubletree by Hilton Riverfront Jacksonville" hotel located at 1201 Riverside Blvd., Jacksonville, Florida32207.

19.    Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property as described in, but not necessarily limited to, the allegations in Paragraph 21 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Hotel Property and Hotel Business in violation of the ADA.  Plaintiff desires

to visit the property soon, not only to avail himself of the goods and services available at the property but to assure himself that the Hotel Property and Hotel Business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Hotel Property and Hotel Business without fear of discrimination.

20.        Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182, et seq.

21.        Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that the Plaintiff encountered during his stay at the Hotel Property and Hotel Business include, but are not limited to, the following:

## A. **Parking**

1. Accessible spaces are not located on compliant accessible routes to enter the hotel and some have pillars in the space or aisle preventing Mr. Longhini's safe unloading from vehicles and accessing facilities violating ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards where the solution is readily achievable.

2. Accessible spaces in the garage lack required clear spaces and aisles with pillars in these areas and dangerously excessive slopes on the path to the hotel with a level change to exterior areas impeding Mr. Longhini and violating ADAAG Sections 4.3, 4.6 and 4.8 as well as 2010 ADAS Sections 402 and 502.

## B. **Entrance Access and Path of Travel**

1. Ramps and curbs leading to the hotel from parking areas have excessive slopes and level changes which endanger Mr. Longhini and violate ADAAG Sections 4.3 and 4.8 as well as 2010 ADAS Sections 402 and 405.

2. Cross slopes and changes of level exceeding limits impede Mr. longhini on the path of travel to and through hotel areas and from street, sidewalk or transit areas violating ADAAG Section 4.3 and 2010 ADAS Sections 303, 304 and 403.

3. Doors and gates to various areas at the hotel fail to provide level maneuvering clearances required by ADAAG Section 4.13 and 2010 ADAAS Section 404.

**C. Access to Goods and Services**

1. The hotel fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

2. Recreation areas fail to provide access to the pool, tables and lounge chairs. Space to approach and use the pool lift is obstructed by lounges and a fish shaped ornamental fountain preventing use by the plaintiff and violating several ADA accessibility requirements.

3. Dining and work areas throughout the hotel are inaccessible to the plaintiff and violate various ADAAG and 2010 ADAS requirements. Accessible check-in counter surfaces are obstructed by displayed materials.

**D. Access to Lobby Restrooms**

1. Mr. Longhini could not access the lobby restroom stall which is improperly designed and lacks required maneuvering clearance at the door violating ADAAG Sections 4.13 and 4.17 as well as 2010 ADAS Sections 404 and 604.

2. The water closet has is improperly located with a centerline of 43" on the wall side and 13.5" to the partition. Grab bars in the compartment are improper with no rear grab bar for Mr. Longhini in violation of ADAAG Sections 4.16 and 4.17 as well as Section 604 of the 2010 ADAS.

3. Plaintiff could not use the restroom lavatory as no knee clearance is provided violating Section 4.19 of the ADAAG and Section 606 of the 2010 ADAS.

4. Plaintiff could not use dispensers which are mounted beyond reach ranges in Section 4.2 of the ADAAG and ADAAS Section 308. The toilet paper dispenser is located 40" from the rear wall violating ADAAG Section 4.16 and the 2010 ADAS.

5. Plaintiff could not safely use restroom urinals which are over-swung by the stall door, violating Section 4.18 the ADAAG and 2010 ADAS Section 605.

**E. Access to Guestroom #302**

1. Plaintiff could not safely use the toilet which lacks required clear floor space, has wall side flush controls, a 19" centerline, no rear grab bar and a side grab bar mounted 38" AFF violating ADAAG Section 4.16 and 2010 ADAS Section 604.

2. Plaintiff could not use hooks and mirrors provided in the accessible guestroom violating ADAAG Sections 4.2 and 4.19 as well as Sections 308, 309 and 603 of the 2010 ADA Standards, resolution is readily achievable.

3.  Plaintiff could not use the iron and door locks that are mounted outside the ranges prescribed in Section 4.2 of the ADAAG and Sections 308 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

4.  Plaintiff could not use the desk in the guestroom which lacks knee and toe clearance required by Section 4.32 of the ADAAG and ADAS Section 306.3.

5.  Plaintiff could not use the shower as the design violates ADAAG Section 4.21 and ADAS Section 608. It also provides a dangerous slope over 15% in the approach space and lack of shower seat.

6.  Plaintiff could not access both sides of the beds and was impeded by 34" clear width violating the ADAAG and the 2010 ADAS.

7.  Plaintiff could not use the balcony due to inadequate maneuvering space and excessive abrupt changes of level on both sides of the door violating Section 4.13 of the ADAAG and ADAS Section 404.

22.    The discriminatory violations described in Paragraph 21 are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

23.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities

privileges, benefits, programs and activities offered by Defendants, Defendants' buildings and facilities; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24.     Defendants have discriminated against the individual Plaintiff and all other individuals similarly situated, by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.        A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

27.        Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

28.        Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the Hotel Property and Hotel Business located at 503 West Garden of the Gods Road, Colorado Springs, Colorado 80907, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §

12181 et seq.; (ii.) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED: October 19th, 2017.

**GARCIA-MENOCAL, & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 SW 74th Court, No. 3
Miami, FL 33155
Telephone:   (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:  ajperezlaw@gmail.com
Secondary E-Mails: agmlaw@bellsouth.net &
mpomares@lawgmp.com

By: _____
ALFREDO GARIA-MENOCAL
Florida Bar No.: 533610
ANTHONY J. PEREZ
Florida Bar No.: 535451